# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **DAVID WILLIAM MCCOLLUM,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:07-CV-719-Y** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner David William McCollum, TDCJ #1275147, is in custody of the Texas

Department of Criminal Justice, Correctional Institutions Division, in Lovelady, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division.

### C. FACTUAL AND PROCEDURAL HISTORY

On October 13, 2004, a jury found McCollum, a habitual offender, guilty of aggravated

assault with a deadly weapon and unlawful possession of a firearm by a felon in cause nos. 9394 and

9523, respectively, in the 355th Judicial District Court of Hood County, Texas, and assessed his

punishment at sixty years' and twenty years' confinement. (1State Habeas R. at 53; 2State Habeas

R. at 22)[1]  On September 8, 2005, the Second District Court of Appeals affirmed the trial court's

judgments, and his petitions for discretionary review were refused by the Texas Court of Criminal

Appeals on April 12, 2006.  *McCollum v. Texas*, No. 2-04-516-CR & 2-04-517-CR, slip op. (Tex.

App.–Fort Worth Sept. 8, 2005) (not designated for publication); *McCollum v. Texas*, PDR Nos.

1431-05 & 187-06.  Apparently, McCollum did not seek writ of certiorari.  (Petition at 3)

McCollum filed two state applications for writ of habeas corpus, one for each conviction,

raising one or more of the issues presented herein.  The first application, challenging his conviction

in cause no. 9523, was filed on July 13, 2007, and denied without written order by the Texas Court

of Criminal Appeals on September 12, 2007.  (1State Habeas R. at cover)  The second application,

challenging his conviction in cause no. 9394, was filed on July 27, 2007, and denied by the Texas

Court of Criminal Appeals without written order on October 3, 2007.  McCollum filed this federal

petition on October 11, 2007.  *See Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998) (holding,

under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities

for mailing).  As ordered, Quarterman has filed a preliminary response with a brief in support and

documentary exhibits addressing only the issue of limitations, to which McCollum filed a response.

## D.  STATUTE OF LIMITATIONS

Federal habeas corpus petitions are subject to a one-year statute of limitations.  Section

---

[1] "1State Habeas R." refers to the record of McCollum's state habeas application no. WR-68,206-01; "2State Habeas R." refers to the record of his state habeas application no. WR-68,206-02.

2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

In this case, the limitations period was triggered under § 2244(d)(1)(A) when McCollum's convictions became final through the expiration of time for seeking direct review.  For purposes of this provision, the trial court's judgments of conviction became final upon expiration of the time that McCollum had for seeking certiorari in the United States Supreme Court on July 11, 2006.  *See id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); Sup. Ct. R. 13.1.  Thus, the federal limitations period began on that date and closed one year later on July 11, 2007.  McCollum's state habeas applications, filed after expiration of the federal limitations period, did not

operate to toll the running of the federal period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998). McCollum's federal petition was due on or before July 11, 2007. His petition, filed on October 11, 2007, was filed beyond the limitations period and is therefore untimely.

Although McCollum makes the argument, he has not demonstrated that he is entitled to equitable tolling of the limitations period, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). McCollum, acting pro se, explains that he is unskilled in the law and unaided by counsel and, because of his incarceration, was unable to "controll the processing" of his postconviction proceedings in state court. Mere ignorance of the law or lack of knowledge of filing rules or deadlines on the part of a pro se prisoner does not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Moreover, the fact of his incarceration is a common problem among prisoners seeking postconviction habeas relief. *See id.* McCollum has not presented any evidence to support a claim that he was actively misled about his cause of action or was prevented in some extraordinary way from diligently and timely pursuing federal habeas corpus relief. *See Davis,* 158 F.3d at 811.

## II. RECOMMENDATION

McCollum's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 16, 2008.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 16, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 25, 2008.


　　　　　　　　　　　　　　　　/s/　Charles Bleil
　　　　　　　　　　　　　　　　CHARLES BLEIL
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE